## Case No. 4,909.

FOOTE et al. v. BROWN et al.

[2 McLean, 369.] [1]

Circuit Court, D. Indiana. May Term, 1841.

Fletcher, Butler & Yandis, for plaintiffs.
Mr. Price, for defendants.

OPINION OF THE COURT. This action is brought on a guaranty by the defendants, of a note given to the plaintiffs, by Daniel Brown. The declaration contained three counts: First: On a promissory note. Second: On an agreement to pay on condition. Third: A general count for money had and received, &c. To the first and third counts nonassumpsit was pleaded. To the second the defendants demurred, on the ground that it contains no allegation of notice to defendants of demand and nonpayment of the note by Daniel Brown. The defendants, also, filed two pleas of setoff in the form of "special payments," under the practice act of Indiana, of 1838. The pleas were, that certain drafts for money had been given defendants, on a house in New Orleans; that defendants left the same with H. and H.,

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

of that city, for collection, and took their receipt for them. That afterwards defendants assigned the receipt to the plaintiffs, who receipted for it, agreeing to collect and apply the money to defendants' account. That the plaintiffs had given no notice that the house, who held the drafts, had refused to deliver them to the plaintiffs, or, that the drafts had not been paid, &c. Demurrers were filed to these pleas.

On the part of the plaintiffs it is contended that, as the names of the defendants were not on the note guarantied, they were not entitled to notice. That to avoid their guaranty they must show that they have sustained damage for want of notice. That the principal had property when the note became due, so that they could have secured themselves from loss, if notice had been given. Mr. Chitty, in his Treatise on Bills (page 324), says: "In these cases of collateral guaranties, where the parties' names are not on the bill, they are not entitled to the strict and immediate notice of dishonor, as a party is who has drawn and indorsed the bill, and unless he has really sustained loss by the want of notice, he continues liable on his guaranty." Warrantington v. Furbor, 8 East. 242; 6 Esp. 89; Chit. Bills, 365: "A person who has guarantied the due payment of a bill, may, in some cases, be released from the responsibility by the neglect of the holder duly to present it for payment, if he can show that he was thereby prejudiced." And, again, page 441: "In general, if the bill or note be given as a collateral security, and the party delivering it were no party to it, either by indorsing or transferring it by delivery, when payable to bearer, but merely cause it to be drawn or indorsed, or, delivered over by a third person as a security, or, has guarantied the payment, it has been considered that he is not, within the custom of merchants, an indorser or party to it, so as to be absolutely entitled to strict regular notice, nor discharged from his liability by the neglect of the holder to give him such notice, unless he can show, by express evidence, or by inference, that he has actually sustained loss or damage by the omission." Philips v. Astling, 2 Taunt. 206; Swinyard v. Bowes, 5 Maule & S. 62; Holbrow v. Wilkins, 1 Barn. & C. 10; 2 Dowl. & R. 59; Van Wart v. Woolley, 3 Barn. & C. 439. These authorities are somewhat questioned in the case of Camidge v. Allenby, 6 Barn. & C. 373. 9 Dowl. & R. 391. In page 497, Mr. Chitty says: "It is expedient, though not in general absolutely necessary, to give notice to a person who has guarantied the payment of the bill." Whatever doubt may exist in England, under their decisions, whether notice is necessary to charge a guarantor, whose name does not appear on the note, there can be none under the decisions of the supreme court. In the case of Douglass v. Reynolds, 7 Pet. [32 U. S.] 126, the doctrine is clearly laid down. That was a continuing guaranty to Reynolds & Co., as indorser, &c., for one Haring. And the court say: "The fourth instruction insists that a demand of payment should have been made of Haring, and in case of nonpayment by him, that notice of such demand and nonpayment should have been given in a reasonable time to. the defendants, otherwise the defendants would be discharged from their guaranty." "And we are of opinion that this instruction ought to have been given. By the very terms of this guaranty, as well as by the general principles of the law, the guarantors are only collaterally liable on the failure of the principal debtor to pay the debt. A demand upon him, and a failure on his part, to perform his engagements, are indispensable to constitute a casus foederis." This notice need not be given with as much strictness as to charge a party whose name is on the bill, but it must be given in a reasonable time. See the case of Lewis v. Brewster [Case No. 8,318]. The principle may be laid down as generally applicable to commercial paper, that where the undertaking is collateral to pay the debt of another, on his default, a notice of demand and nonpayment is necessary. And this whether the name of the party be on the dishonored note or not. The only difference in principle seems to be that where the individual is a party to the note strict notice is required, but where he is not a party reasonable notice is sufficient. This view is decisive of this case, as there is in the declaration no averment of a demand of payment and notice to the defendants; but a remark or two may be made on the pleas which are demurred to.

These pleas are filed under a special statute of Indiana. Where negotiable paper is given as conditional payment, the proceeds to be collected by the holder, and applied in payment of the debt, it is incumbent on the holder to use due diligence in collecting the money, by making a demand when it becomes due, and in giving notice of nonpayment to those whose names are on the paper. If, in this respect, the holder is guilty of laches, so as to release the parties on the bill, he makes the paper his own, and must sustain the loss. In Camidge v. Allenby, 6 Barn. & C. 373, above cited, where, in payment for goods sold, certain notes on a country bank were delivered, which bank, unknown to the parties, had stopped payment at an earlier hour on the same day, and no notice for one week was given to the person who paid the notes, it was held that there were laches which released him from responsibility. Mr. Justice Bailey remarked: "The rule as to all negotiable instruments is, that if they are taken in payment of a pre-existing debt, they operate as a discharge of that debt, unless the party who holds the instrument does all that the law requires to be done, in order to obtain payment of them." An agent to save himself from responsibility must observe the usual course of transact-

ing the business in which he is engaged. If he procure an insurance, and neglect to have inserted in the policy the common and usual clauses in the like policies, and a loss should occur, which would have been covered by such clauses, the agent would be responsible for the loss. Mallough v. Barber, 4 Camp. 150; 6 Taunt. 495. If the agent deposit the money of the principal in his own name, and on his own account, and the bank fail, the agent would be responsible. Massey v. Banner, 1 Jac. & W. 245, 248. And so if an agent sell the goods of his principal on credit contrary to usage, or fail to demand the money when the credit had expired; or, if he should sell to persons of doubtful credit, or actually insolvent, he is responsible. Story, Ag. 189. And if he give time for payment after the money became due, or should omit to use the common diligence to collect it, the loss would be his own. Caffrey v. Darby, 6 Ves. 494, 495.

In the case under consideration, if the plaintiffs, having possession of the drafts, neglected to make the proper demand when they became due, or to give notice, so as to hold liable the parties to the drafts, in case of nonpayment, through which the recourse of the defendants was cut off, the loss must fall on the plaintiffs. Under the circumstances the plaintiffs were bound to do what the law required, to collect the money on the drafts, and, in case of failure, to notify all persons concerned. But, as the case turns upon the demurrer to the second count, the question arising on the pleas need not be decided. Demurrer to the second count is sustained. The plaintiffs abandoned their claim under the other counts.